UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA LARSON, | ) | Case No. 19-4136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| MILLS AFTERMARKET | ) | |
| ACCESSORIES, INC. d/b/a RADCO | ) | |
| TRUCK ACCESSORY CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

Pamela Larson, by and through her attorneys, Lynn, Jackson, Shultz, & Lebrun, P.C., and Tracye L. Sherrill, alleges, upon personal knowledge as to herself as follows:

**PRELIMINARY STATEMENT**

1. Mills Aftermarket Accessories, Inc. d/b/a Radco Truck Accessory Center ("Radco") consist of eight retail stores serving the upper Midwest, including Sioux Falls, South Dakota, providing a wide selection of truck accessories.

2. Radco operates its business from its headquarters in Brainerd, Minnesota, with its local offices in Baxter, Blaine, Burnsville, Oakdale, St. Cloud, and Duluth, Minnesota; Fargo, North Dakota and Sioux Falls, South Dakota.

3. The company depends on the Assistant Store Managers employed at each of its offices to assist customers and guest with sales assistance, wholesale orders, and are responsible for store/vendor interaction including processing orders.

4. Although the Assistant Store Managers, including Pamela Larson ("Larson"), worked in Defendant's office subject to its control, Radco misclassified her as an exempt salaried employee, outside the protections of the federal Fair Labor Standards Act ("FLSA") overtime regulations.

5. Larson brings this action for Radco's failure to properly pay her overtime as a properly classified non-exempt employee subject to the FLSA.

6. Larson also brings this action to remedy violations for the unpaid overtime pursuant to the FLSA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the FLSA.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Radco does business within this District.

## PARTIES
### *Plaintiff*

9. Larson is a woman who resides in Sioux Falls, South Dakota. Plaintiff is a citizen of South Dakota.

10. Larson typically worked between 40 and 55 hours per workweek for Radco's benefit.

11. Larson was not paid overtime for all of the hours she worked over 40 in a workweek.

12. Larson was not paid overtime for her hours above 40 per workweek since 2005 when she was hired.

13. Larson worked these hours pursuant to Radco's practice of encouraging and requiring her to work full-time schedules, including overtime, per workweek.

14. Larson is a covered employee within the meaning of the FLSA.

### *Defendant*

15. Upon information and belief, Radco is a Minnesota corporation with corporate headquarters located in Brainerd, Minnesota. Radco maintains an office and does business in Sioux Falls, South Dakota.

16. Radco is a "covered employer" under the FLSA, as that term is defined by the FLSA.

17. Radco employed Plaintiff and similarly situated employees to work for the employer within the meaning of the FLSA.

18. Radco has had substantial control over the working conditions of Plaintiff, at all times relevant to this lawsuit.

19. Radco had substantial control over its policies and practices alleged herein, at all times relevant to this lawsuit.

20. Radco controlled Plaintiff's terms and conditions of employment by determining her compensation and work hours.

21. Upon information and belief, Radco's annual gross volume of sales or business done is not less than $500,000.

## FACTUAL ALLEGATIONS

22. All the work that Plaintiff performed or suffered was assigned or permitted by Radco, and Radco was aware or permitted of all the work that Plaintiff performed, or suffered.

23. As part of its regular business practice, Radco intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff. The policy and pattern or practice includes, but is not limited to:

(a) Willfully misclassifying Plaintiff as salaried, exempt employee.

(b) Willfully failing to pay Plaintiff overtime hours for hours she worked in excess of 40 hours per workweek; and

(c) Willfully failing to record all of the time and hours that Plaintiff worked for the benefit of Radco.

24. Radco is aware or should have been aware that the FLSA required it to pay Plaintiff an overtime premium for hours worked in excess of 40 hours per workweek.

25. Radco's conduct has been widespread, repeated and consistent.

26. Radco is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff for overtime hours worked.

27. Plaintiff has been the victim of a common policy and plan perpetrated by Radco that has violated her rights under the FLSA and caused her to incur monetary damages.

## COUNT ONE
### *Fair Labor Standards Act–Unpaid Overtime*

28. Larson repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

29. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et. seq., and the supporting federal regulations, apply to Radco as to its obligation to pay proper overtime payments to any non-exempt employee..

30. Larson is properly classified as a non-exempt employee under the FLSA and its implementing regulations.

31. Radco has, for many years, failed to pay Plaintiff proper overtime for hours she worked in excess of 40 hours in a workweek.

32. As a result of Radco's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and she is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request judgment as follows:

(a) Payment of unpaid overtime wages owed and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et. seq., and the supporting United States Department of Labor regulations;

(b) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(c) An injunction requiring Radco to pay all statutory required wages, including required overtime pursuant to the FLSA;

(d) Radco cease and desist its unlawful pay practices and to correct their pay practices going forward;

(e) Pre- and post-judgment interest;

(f) Attorneys' fees, expenses and costs of this action;

(g) Such other relief as this Court deems just and proper.

Dated August 6, 2019.

                LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

          By: */s/ Tracye L. Sherrill*
                Tracye L. Sherrill
                110 North Minnesota Avenue, Suite 400
                Sioux Falls, SD  57104-6475
                605-332-5999
                tsherrill@lynnjackson.com
                *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

                */s/ Tracye L. Sherrill*
                Tracye L. Sherrill

19-4136

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PAMELA LARSON

**(b)** County of Residence of First Listed Plaintiff: Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tracye L. Sherrill
110 N. Minnesota Ave., Ste. 400
Sioux Falls, SD 57104

## DEFENDANTS
MILLS AFTERMARKET ACCESSORIES, INC. d/b/a RADCO TRUCK ACCESSORY CENTER

County of Residence of First Listed Defendant: Crow Wing County, MN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Teresa M. Thompson

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA 29 U.S.C. §§ 201 et. seq.

Brief description of cause:
Employee seeks overtime pay as a properly classified non-exempt employee subject to the FLSA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 8/6/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE